UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| MAGALI M. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-1975-JDT-TAB |
| | ) | |
| LELAND MEDICAL CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 80 & 84)**[1]

Plaintiff's Amended Complaint alleges sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").  Defendant seeks summary judgment.  Plaintiff's response to the summary judgment motion indicates that she requests summary judgment in her favor.

**I. Background Facts**

On or about December 20, 2001, Magali M. Ortiz filed a Charge of Discrimination against Winona Memorial Hospital ("Winona Hospital") with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and retaliation in violation of Title VII.  Ms. Ortiz identified the facts giving rise to the discrimination as being sexually harassed by Nurse Manager Cliff Knight and retaliated against by Dr. John Warner.  She indicated on the Charge that the alleged discrimination took place

---

[1]  This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

from December 1, 2000 through May 31, 2001.  (Def.'s Desig. Evidence Ex. 2.)  Winona

Hospital was issued a Notice of Charge of Discrimination from the EEOC on December

20, 2001.  (*Id.* Ex. 5.)  At the time of the alleged charges, Tenet Health System owned

and operated Winona Hospital.  (*Id.* Ex. 1.)

Winona Hospital, Ms. Ortiz's employer, was the subject of an asset sale

agreement between Winona Memorial Hospital Limited Partnership, Indianapolis Health

Systems, Inc., Indianapolis Physician Services, Inc., and Republic Health Corporation of

Indianapolis, a Tenet Health System subsidiary, as sellers (collectively, "Tenet") and

WMH Physicians Hospital, L.L.C., a Leland Medical Center subsidiary, as purchaser

("Leland").  The agreement provided for only the assets of Tenet to be assumed by

Leland as of the closing date of August 31, 2002.  The agreement expressly excluded

the assumption of liabilities by Leland:

> 1.12  <u>Excluded Liabilities</u>.  Notwithstanding anything to the contrary
> in Section 1.11, Purchaser shall not assume or become responsible for
> any of Seller's duties, obligations of liabilities that are not assumed by
> Purchaser pursuant to the terms of this Agreement, the Bill of Sale or the
> Real Estate Assignment(s) (the "Excluded Liabilities"), the Seller shall
> remain fully and solely responsible for all of Seller's debts, liabilities,
> contract obligations, expenses, obligations and claims of any nature
> whatsoever related to the Assets or the Hospital Businesses unless
> assumed by Purchaser under this Agreement, in the Bill of Sale or in the
> Real Estate Assignment(s). The Excluded Liabilities shall include, without
> limitation:  .   .   .
>
> (b) all liabilities of Seller arising out of or relating to any act,
> omission, event or occurrence connected with the use, ownership or
> operation by Seller of the Hospital Businesses or any of the Assets prior to
> the Effective Time, other than as specifically included in the Assumed
> Obligations[.]

(Def.'s Desig. Evidence Ex. 1 at 15.)

2

After an investigation of the charges made by Ms. Ortiz against Winona Hospital, the EEOC issued a Dismissal and Notice of Rights on September 26, 2002.  (*Id.* Ex. 4.) Then, on December 20, 2002, Ms. Ortiz filed a Complaint against Leland Medical Centers, Inc., Tenet Healthcare Corporation and Winona Hospital alleging violations of Title VII.  On June 4, 2003, the action was stayed pending arbitration.  Following completion of arbitration, Tenet Healthcare Corporation and Winona Hospital were dismissed with prejudice from this action on September 8, 2004.

On November 22, 2004, Ms. Ortiz filed an Amended Complaint against Leland Medical Centers, Inc., alleging violations of Title VII arising from the same facts as those asserted against Tenet and Winona Hospital.  The Amended Complaint alleges sexual harassment and retaliation beginning about December 2000 and continuing until about May 2002.

## II.  Discussion

Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A fact is "material" only if it is one that "might affect the outcome of the suit."  *Id.*  On cross-motions for summary judgment the court views the evidence in the light most favorable to and draws all reasonable inferences in favor of the party against whom the motion under consideration is made.  *Tegtmeier v. Midwest Oper. Eng'rs Pension Trust Fund*,

3

390 F.3d 1040, 1045 (7th Cir. 2004).

Leland contends it is entitled to summary judgment because the conduct giving rise to the alleged violations of Title VII took place before it purchased Winona Hospital's assets and the asset sale agreement between Leland and Tenet specifically provides that Leland shall not assume Tenet's liabilities arising from its operation of Winona Hospital.  Leland further contends that even if Ms. Ortiz alleges facts giving rise to Title VII violations that occurred after the closing date of August 31, 2002, it is entitled to summary judgment because Ms. Ortiz never filed a charge of discrimination against Leland alleging Title VII violations occurring after that date.  Ms. Ortiz requests summary judgment on her behalf but does not articulate a reason why summary judgment in her favor would be appropriate.

Leland's position is correct and summary judgment should be granted in its favor. Ms. Ortiz's Amended Complaint against Leland alleges that the conduct that violated Title VII occurred beginning about December 2000 and continued until about May 2002. It is undisputed that during this time Leland did not own or operate Winona Hospital; Tenet did instead.  Leland did not own or operate the hospital until after the closing date of August 31, 2002.  Furthermore, it is undisputed that pursuant to the asset sale agreement, Leland did not assume any liabilities of Tenet "arising out of or relating to any act, omission, event or occurrence connected with the use, ownership or operation by Seller of" Winona Hospital.  (Desig. Evidence Ex. 1 at 15.)  Ms. Ortiz has identified no legal theory by which Leland may be held liable for the alleged Title VII violations that occurred before Leland owned and operated Winona Hospital.  She has offered no

4

admissible evidence to raise a reasonable inference that any discrimination or retaliation continued when Leland owned and operated Winona Hospital.  Nor has she offered any admissible evidence to allow a reasonable inference that anyone who allegedly engaged in the discriminatory or retaliatory acts against her were Leland employees.  In addition, she offers no admissible evidence to permit a reasonable inference that Leland is a Tenet subsidiary, even if status as a subsidiary would suffice to hold Leland liable.

Even if Ms. Ortiz had produced admissible evidence that the discrimination or retaliation continued after August 31, 2002, Leland is nonetheless entitled to summary judgment.  Ms. Ortiz has presented no evidence that she filed a charge of discrimination against Leland alleging acts that occurred when Leland owned and operated Winona Hospital, which is a precondition to filing suit under Title VII.  *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005), *petition for cert. filed*, — U.S.L.W. ----, (U.S. Sept. 29, 2005) (No. 05-6823).  The record contains evidence of only one charge filed by Ms. Ortiz, and that was against Winona Hospital.  Accordingly, Leland will be granted summary judgment.

In its Memorandum in Support of Summary Judgment, Leland makes a half-hearted, one-sentence request for an award of attorney's fees and costs pursuant to  42 U.S.C. § 2000e-5(k).  Ms. Ortiz did not address this request in the summary judgment papers she filed.  Leland expands on this request a bit in its Reply Memorandum, arguing that it should be awarded fees and costs because Ms. Ortiz failed to dismiss this case despite her having information that Leland did not own or operate Winona Hospital during the time of the alleged discrimination and retaliation.  The court does not

5

fault Ms. Ortiz for not responding to the undeveloped request for fees made in Defendant's opening brief, especially since she has been proceeding pro se since July of this year.  Ms. Ortiz should have a fair opportunity to be heard on the request for fees.  For these reasons, the request for fees is **denied**.  This denial is **without prejudice** to Leland's filing and serving a proper motion for an award of attorney's fees within 14 days from the entry of judgment, although the court is not encouraging Defendant to pursue such an effort in light of the low potential for collection if successful.  Furthermore, it is noted that a prevailing defendant must overcome an exceedingly high standard in order to recover fees under Title VII.  *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).  However, as the prevailing party, Defendant will be allowed costs other than attorney's fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

**III.  Conclusion**

Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for summary judgment will be **GRANTED**.  Defendant will be allowed costs.  Pursuant to

Local Rule 54.1, Defendant shall have 14 days from entry of judgment within which to file and serve a Bill of Costs.  An appropriate judgment will be entered separately.

ALL OF WHICH IS ENTERED this 21st day of November 2005.

_____
John Daniel Tinder, Judge
United States District Court

Electronic copies to:

David Douglas Becsey
Zeigler Cohen & Koch
dbecsey@zcklaw.com

Robert G. Zeigler
Zeigler Cohen & Koch
rzeigler@zcklaw.com

Magistrate Judge Tim A. Baker

Copy mailed to:

Magali M. Ortiz
5621 Imperial Woods Circle
Indianapolis, IN 46204